**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | | |
|---|---|---|
| **DEANN STEPHENS COX,** *et al.*, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **NO. 5:22-CV-00290-KKC-MAS** |
| | ) | |
| **GRAY MEDIA GROUP, INC.,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant Gray Media Group, Inc. ("Gray") filed a combined Motion to Set Aside Provisional Ruling and Motion for Protective Order [DE 36 (Mot.); DE 37 (Mem.)] seeking relief from this Court's provisional ruling [DE 33] that ordered the production of additional documents and testimony related to COVID-19 vaccine accommodation requests. Gray contends that the discovery sought by Plaintiffs DeAnn Stephens Cox ("Cox") and Ashley Landis ("Landis") (collectively, "Plaintiffs") is irrelevant to their claims and disproportional to the needs of the case. Plaintiffs responded in opposition, and Gray replied. [DE 39 & 40].

## I.   <u>BACKGROUND</u>

Plaintiffs allege that they were wrongfully terminated by their employer, Gray (doing business as WKYT), following the imposition of a COVID-19 vaccine mandate. [DE 1, PageID# 1]. Cox was a reporter who worked for WKYT in Lexington, whose

duties required her to travel across the Commonwealth.  She worked remotely for WKYT beginning in March 2020, but she still worked in the field five days a week until she was terminated in October 2021.  [DE 1, PageID# 5].  Landis was employed by Gray as a National Sales Manager, working for WKYT remotely in Georgia from February 2020 through her termination in October 2021.  [DE 1, PageID# 9–10].

Both Cox and Landis allege that Gray discriminated against them on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e et seq. ("Title VII") and Kentucky law.  [DE 1, PageID# 19, 23].  Landis alleges that Gray failed to accommodate her by offering a religious exemption to the vaccine mandate, violating Title VII and Kentucky law.  [DE 1, PageID# 20, 24]. Cox alleges that Gray discriminated against her on the basis of her recognized disability when it failed to provide a reasonable accommodation to her disability in violation of the Americans with Disabilities Act, 42 USC §12101 et. seq. ("ADA") and Kentucky law.  [DE 1, PageID# 21, 25].

On July 31, 2023, the undersigned conducted a telephonic conference with the parties following notification of an ongoing discovery dispute related to the Plaintiffs' discovery requests.  Plaintiffs originally requested information about COVID-19 vaccine-related accommodation requests received by Gray offices across the country, not just WKYT.  [DE 24].  After reviewing their positions, and particularly considering proffer that accommodation requests were considered by Gray centrally rather than in each office, the Court provisionally ordered Gray to produce the

following information for each COVID-19 vaccine accommodation request by every

Gray employee:

> (1) Employee ID Number; (2) Employee/Candidate Status; (3) Job Title;
> (4) Department; (5) Request Date; (6) Nature of the Accommodation
> Request; (7) Outcome of the Religious or Medical Accommodation
> Request; (8) Gender: (8) Reason for Denial (if denied); (9) Termination
> Date; and (10) Termination Reason.

[DE 24, PageID# 104].  Defendants ultimately produced the requested discovery.

The Court again conducted a telephonic conference on January 27, 2024

regarding a new dispute concerning Plaintiffs' request for additional information

about the 68 accommodation requests that Gray granted.  [DE 33, PageID# 121].  The

Court provisionally ordered Gray to produce correspondence related to the granted

accommodation requests, including:

> 1. All correspondence between Gray and the employee concerning any
> and all accommodation request(s) concerning Gray's vaccination policy,
> including resolution of such a request; and
>
> 2. All internal correspondence, if any, related to the employee's
> accommodation request.

[DE 33, PageID# 121].

On February 16, 2024, Gray filed the instant motion, asking to set aside the

Court's January 27, 2024, provisional ruling.  [DE 37].  Gray also requests the Court

enter a protective order to prevent the disclosure of certain additional information

regarding Gray's accommodation requests.

## II.   ANALYSIS

When seeking a protective order under Rule 26(c), "the moving party must

show 'good cause' for protection from one (or more) harms identified in Rule

26(c)(1)(A)," *Fears v. Kasich (In re Ohio Execution Protocol Litig.)*, 845 F.3d 231, 236 (6th Cir. 2016), including "annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c)(1). "Good cause exists if 'specific prejudice or harm will result' from the absence of a protective order." *Fears*, 845 F.3d at 236 (quoting *Father M. v. Various Tort Claimants (In re Roman Catholic Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011)). "Although a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted to go fishing" for potentially relevant information in an unduly burdensome manner. *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (internal quotation marks omitted).

Gray contends that the Court should set aside its prior provisional ruling and enter a protective order because the details of other employees' accommodation requests are neither relevant to Plaintiffs' claims nor proportional to the needs of the case. [DE 37, PageID# 131–32]. Gray claims that Plaintiffs' discovery request improperly seek comparator discovery and, in doing so, Plaintiffs "confuse[] the standards for Title VII disparate treatment discrimination claims with failure to accommodate claims." [DE 37, PageID# 132]. In essence, Gray believes that additional information about the accommodation requests is not relevant to Plaintiffs' failure-to-accommodate claims and, even it was relevant, requiring Gray to produce such information "would mire the parties" and the Court "in discovery and a series of mini-trials" that would have nothing to do with Plaintiffs' claims. [DE 37, PageID# 135].

For the reasons discussed below, Plaintiffs' discovery requests are both relevant and proportional to the needs of the case. Thus, the Court declines to set aside its provisional ruling. Consequently, Gray has failed to demonstrate good cause for issuing a protective order to protect against the production of additional discovery related to the COVID-19 vaccine accommodation requests it granted.

A.    THE DISCOVERY PLAINTIFFS SEEK IS RELEVANT

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  FED. R. CIV. P. 26(b)(1); *Helena Agri-Enterprises, LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 274 (6th Cir. 2021).  The Rules are structured "to allow broad discovery[,]" but such breadth "is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991).  Rule 26(b) authorizes the Court to "guard against redundant or disproportionate discovery" to "reduce the amount of discovery that may be directed to matters that are otherwise proper subjects of inquiry."  6 Moore's Federal Practice, § 26.41 (Matthew Bender 3d Ed.) (citing Fed. R. Civ. P. 26(b) advisory committee note of 1983).

Courts broadly construe the relevancy requirement to allow discovery on "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978).  So, the Court will determine that the discovery sought is relevant unless it has "no possible bearing" on the claims or defenses asserted by the parties. *Lynch v. Experian Info. Sols., Inc.*, 569 F. Supp.

3d 959, 963 (D. Minn. 2021).  The burden lies on the proponent of the discovery to demonstrate its request is relevant when a relevancy objection is raised.  *See Hunter v. Parnell*, No. 5:17-CV-00032-TBR-LLK, 2018 U.S. Dist. LEXIS 203309, at *10 (W.D. Ky. Nov. 30, 2018) (collecting cases).

### 1.   Some Discovery is Relevant to Plaintiffs' Sex Discrimination Claims

Plaintiffs allege sex discrimination claims under Title VII and the Kentucky Civil Rights Act, Ky. Rev. Stat. § 344.040 ("KCRA") (Counts I and IV of the Complaint).  In each count, Plaintiffs allege that they received disparate treatment compared to similarly situated male employees with respect to Gray's COVID-19 vaccine mandate—specifically, that their male colleagues were accommodated while Landis and Cox were terminated for not obtaining a vaccine against COVID-19.

The legal standard for sex discrimination claims under Title VII and the KCRA are almost identical, so the Court will evaluate them together.  *Morris v. Oldham Cnty. Fiscal Ct.*, 201 F.3d 784, 793 (6th Cir. 2000) ("The language of the KCRA generally tracks the language of Title VII and, thus, should be interpreted consonant with federal interpretation.") (internal quotations omitted).  A plaintiff can establish their disparate treatment claim on the basis of sex by either showing direct evidence that "unlawful discrimination was at least a motivating factor in the employer's actions[,]" *White v. Columbus Metro. Housing Auth.*, 429 F.3d 232, 238 (6th Cir. 2005), or circumstantial evidence that would "allow a factfinder to draw a reasonable inference that discrimination occurred."  *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 394 (6th Cir. 2008).

If a plaintiff seeks to use circumstantial evidence, she must also follow the *McDonnell Douglas* burden-shifting framework and first establish a prima facie case of sex discrimination. *White*, 429 F.3d at 238 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)). A prima facie case requires the plaintiff to show (1) she is a member of a protected class, (2) an adverse employment action, (3) she was qualified for the position, and (4) she was treated differently than a similarly situated individual outside the protected class. *Vickers v. Fairfield Med. Center*, 453 F.3d 757, 762 (6th Cir. 2006). Then, the burden shifts to the employer to provide a "legitimate, nondiscriminatory explanation for its actions." *Shazor v. Professional Transit Mgmt., Ltd.*, 744 F.3d 948, 957 (6th Cir. 2014) (quoting *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009)). Once the defendant provides such a legitimate reason, the burden reverts to the plaintiff to show that the employer's explanation is pretext for discrimination. *Id.*

The burden on Plaintiffs to prove their sex discrimination claims involves showing they were treated differently than their similarly situated male colleagues. Perplexingly, Gray's motion glazed over the fact that Plaintiffs *did* raise disparate treatment claims in their Complaint and instead directed focus to the inapplicability of comparators to Plaintiffs' ADA and religious discrimination claims.[1] [DE 37, PageID# 132]. Plaintiffs highlighted Gray's failure to acknowledge their disparate

---

[1] "Plaintiffs did not bring any disparate treatment discrimination claims other than their sex discrimination claims. . . . Accordingly, there is no need to review similarly-situated non-protected employees for the undue hardship inquiry—because the question is only the cost (monetary and non-monetary) to the employer." [DE 37, PageID# 132–33].

treatment claim. [DE 39, PageID# 174]. In Reply, Gray revisited the issue and argued that additional documentation related to female employees who were granted accommodations is irrelevant.[2] [DE 40, PageID# 196–97].

The parties' briefing reflects that the sticking point is whether the accommodated Gray employees are, in fact, "similarly situated." Other than the employees' sex, Gray contends that other individuals granted COVID-19 vaccine accommodations are not "similarly situated" as the Plaintiffs because (1) the individuals do not share a supervisor with Plaintiffs; (2) the individuals have different roles than Plaintiffs; and (3) the individuals had different job duties than Plaintiffs. [DE 40, PageID# 198] (citing *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir.1998)).

The Court does agree that Plaintiffs fail to demonstrate additional discovery regarding Gray's female employees will have some bearing their sex discrimination claims. However, Gray's argument that the discovery should be narrowed further is unavailing for two reasons. First, a plaintiff need not show "an exact correlation

---

[2] The Court highlights that raising arguments in the first instance in a reply brief is procedurally improper and can result in an argument being deemed waived. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("Raising the issue for the first time in a reply brief does not suffice[.]"). However, since the Rules prescribe a duty to the Court to "to guard against redundant or disproportionate discovery," the Court shall nonetheless consider Gray's relevance arguments. Fed. R. Civ. P. 26(b) advisory committee note of 1983; *see also Bowman v. Home Depot U.S.A.*, Inc., No. 3:21-CV-00885, 2022 WL 2294051, at *1 (M.D. Tenn. June 24, 2022) (noting that Fed. R. Civ. P. 26(b)(1) prescribes a "specific duty" the consider discovery in light of its relevance and proportionality) (citing Turner v. Chrysler Grp. LLC, No. 3:14-1747, 2016 WL 323748 at *1, 2016 U.S. Dist. LEXIS 11133 at *2 (M.D. Tenn. Jan. 27, 2016)).

8

between herself and proposed comparators," only that she is similar to the proposed comparator "in 'all relevant respects.'" *Goldblum v. Univ. of Cincinnati*, 62 F.4th 244, 255 (6th Cir. 2023) (quoting *Bobo v. United Parcel Serv., Inc.*, 665 F.3d 741, 751 (6th Cir. 2012)), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 133 S.Ct. 2517, 186 L.Ed.2d 503 (2013)). To do so, courts must make an "independent determination" of "what factors are relevant, and that determination depends on whether certain factors 'are meaningful to the particular claim of discrimination presented.'" *Rembert v. Swagelok Co.*, No. 22-3554, 2023 WL 3094546, at *7 (6th Cir. Apr. 26, 2023) (quoting *Bobo*, 665 F.3d at 751).

Second, and regardless of whether the Court defines the relevant factors now or later, whether an individual is similarly situated or is an appropriate comparator is a question for the fact finder. *Bobo*, 665 F.3d at 57 (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)). It is improper to tailor discovery to possible comparators at this stage of litigation only on a relevance basis. *See id.* (holding that "by limiting discovery on other potential comparators, the district court improperly narrowed Federal Rule of Civil Procedure 26(b)(1), which provides that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim[.]'"). Gray can undoubtedly argue to the finder of fact that none the employees at issue are adequate comparators, but Gray is entitled to at least develop its arguments with discovery germane to possible comparators.

For the above reasons, the Court finds that discovery related to accommodation requests granted to Gray's male employees are relevant to Plaintiffs' sex discrimination claims.

**2.  <u>Discovery is Relevant to Landis's Religious Discrimination Claims</u>**

Landis's religious discrimination claims under Title VII and the KCRA (Count II and V) allege that Landis requested a reasonable accommodation for the COVID-19 vaccine for religious reasons, which Gray unlawfully denied.  Under Title VII and the KCRA,[3] employers are obliged to make reasonable accommodations to the religious needs of their employees so long as the accommodation does not impose an "undue hardship" on the employer.  *Groff v. DeJoy*, 600 U.S. 447, 143 S. Ct. 2279, 2287–88 (2023).  In *Groff*, the Supreme Court clarified the meaning of an "undue hardship" in the context of a Title VII religious discrimination claim after decades of lower courts equating "undue hardship" with a "de minimis cost."  *Id.* at 2292; *see generally Devore v. Univ. of Ky. Bd. of Trs.*, No. 5:22-cv-00186-GFVT-EBA, 2023 U.S. Dist. LEXIS 167239, at \*11 (E.D. Ky. Sep. 18, 2023) (discussing courts' pre-*Groff* reliance upon *Trans World Airlines v. Hardison*, 432 U.S. 63, 67, 97 S. Ct. 2264, 53 L. Ed. 2d 113 (1977) to determine whether a religious accommodation imposed an undue hardship on employer).

---

[3] "A plaintiff must prove the same elements for a discrimination claim under either Title VII or the Kentucky Civil Rights Act."  *Devore v. Univ. of Ky. Bd. of Trs.*, No. 5:22-cv-00186-GFVT-EBA, 2023 U.S. Dist. LEXIS 167239, at \*4–5 (E.D. Ky. Sep. 18, 2023) (citing *Bd. of Regents v. Weickgenannt*, 485 S.W.3d 299, 306 n.6 (Ky. 2016)).

The contours drawn by the Supreme Court remain quite broad. The Court held that "a hardship is more severe than a mere burden[,]" *Groff*, 143 S. Ct. 2279, 2294 (2023), and that "adding the modifier "undue" means that the requisite burden, privation, or adversity must rise to an 'excessive' or 'unjustifiable' level[,]" *Id*. After *Groff*, the inquiry remains context-specific and considers whether the "hardship would be substantial in the context of an employer's business[.]" *Id*. at 2296. So, "[t]he reasonableness of an employer's attempt at accommodation cannot be determined in a vacuum. Instead, it must be determined on a case-by-case basis; what may be a reasonable accommodation for one employee may not be reasonable for another." *Smith v. Pyro Mining Co.*, 827 F.2d 1081, 1085 (6th Cir. 1987). Ultimately, "[t]he trier of fact is in the best position to weigh these considerations." *Id*. (quoting *Redmond v. GAF Corp.*, 574 F.2d 897, 902-03 (7th Cir. 1978)).

Here, Gray contends that additional discovery regarding granted accommodation requests has no bearing on the undue hardship analysis because the analysis is inherently fact-specific. [DE 37, PageID# 133–34]. Landis argues that the additional discovery (which would include correspondence between the accommodated employees and Gray regarding their accommodation requests) is relevant because how it granted other accommodation requests will inform whether there was indeed an undue hardship. For example, Gray's stated reason for refusing to accommodate Landis' religious objection was that an exemption would affect the health and safety of employees and customers because of her particular job duties. [DE 39, PageID# 176]. Landis argues that if Gray accommodated employees who

likewise interfaced with other employees and customers, Gray's purported undue hardship would be nonexistent.

The Supreme Court has left it to lower courts to evaluate whether an accommodation imposes an undue hardship on an employer and "whether any further factual development is needed." *Groff*, 143 S. Ct. at 2297. Gray argues that Plaintiffs are not entitled to additional documentation related to granted accommodation requests because each decision was made on a case-by-case basis. But the specificity of each accommodation request does not negate their relevance to Landis's claims. Although an undue hardship analysis does not involve the use of comparators, whether Gray accommodated employees with similar job duties is probative to whether Landis's requested accommodations imposed an undue burden on Gray. *See e.g.*, *Barton v. Metro. Gov't of Nashville*, No. 3:20-cv-00118, 2022 U.S. Dist. LEXIS 59863, at *8–9 (M.D. Tenn. Mar. 31, 2022) (considering other employees' time off during time period when assessing whether plaintiff's requested accommodation for time off due to religious beliefs was an undue hardship). On the basis of relevance, the Court cannot conclusively find that additional discovery regarding the accommodation requests granted by Gray have no bearing on Landis's claim.

### 3. <u>Discovery is Relevant to Cox's Disability Discrimination Claims</u>

Similarly, Cox alleges Gray failed to provide a reasonable accommodation following her medical objection to the COVID-19 vaccine mandate, violating the ADA and KCRA (Count III and Count VI). Under the ADA and KCRA, when an employee makes made a prima facie failure-to-accommodate claim, the burden shifts to the employer to show that an accommodation would cause undue hardship for the

employer. As with Landis's Title VII claim, Gray contends that Cox is not entitled to additional discovery regarding the granted accommodation requests because such information is irrelevant to whether Cox's specific accommodation would have imposed an undue hardship on Gray.

The plaintiff has the initial burden of showing that an accommodation is reasonable on its face. Part of that burden is showing that the proposed accommodation would "effectively enable [the plaintiff] to perform her job[.]" *Reed v. Lepage Bakeries, Inc.*, 244 F.3d 254, 259 (1st Cir. 2001) Then, the burden shifts to the defendant-employer to show "special (typically case-specific) circumstances demonstrating undue hardship in the particular circumstances." *US Airways, Inc. v. Barnett*, 535 U.S. 391, 402, 122 S. Ct. 1516, 1523 (2002) (citing *Reed*, 244 F.3d at 254).

As above, the Court does not find that the case-by-case nature of an undue hardship analysis negates the relevance of Cox's requested discovery. Whether Gray granted accommodations for employees who had similar duties to Cox is indeed probative of whether the accommodation actually imposed an undue hardship. For instance, Cox could show that the accommodation would effectively enable her to perform her job duties if a similarly public-facing colleague was granted the same accommodation she was denied. *See e.g.*, *Cleveland v. Fed. Express Corp.*, 83 F. App'x 74, 80 (6th Cir. 2003) ("If [the employer] decided to grant medical leave to non-disabled individuals, then that may have been probative of the fact that the medical leave requested by the plaintiff would not have constituted an undue hardship."). As with Landis's religious discrimination claims, the Court likewise

13

finds that the requested discovery has some bearing on Cox's disability discrimination claims.

**B.    DISCOVERY PLAINTIFFS SEEK IS PROPORTIONAL TO THE NEEDS OF THE CASE**

The remainder of Gray's arguments turn on the second prong of Rule 26: that discovery be proportional to the needs of the case.  In evaluating proportionality, the Court must "consider[] the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).  The proportionality requirement under the Rules aims to reduce "costly and delay-inducing efforts to look under every stone" when the parties undergo discovery.  *Helena Agri-Enterprises, LLC*, 988 F.3d at 273.

Additional discovery related to the 68 employees whom Gray granted accommodations is both relevant and proportional to the needs of this case.  Gray contends that this swath of employees is too broad because valid comparators need to have similar job duties as the Plaintiffs.  This issue was raised in the January 26, 2024 telephone conference, where defense counsel suggested Gray was willing to research the list of employees and compile, essentially, a list of the most similarly situated Gray employees who received COVID-19 vaccine accommodations.  Defense counsel indicated that solely narrowing the list down by job title or department would not suffice to narrow the list to assuage Gray's proportionality concerns.

Ultimately, limiting discovery solely to a subset of employees deemed comparable by Gray could inadvertently restrict Plaintiffs from accessing potentially

relevant information. Such a restriction risks accepting Gray's characterizations at face value, potentially overlooking individuals who might serve as plausible comparators, or discovery that could inform whether an accommodation imposed an undue burden on Gray. This is particularly concerning given the relatively modest size of the sample group—68 individuals. In fact, during a hearing discussing this very issue, both parties agreed that the production of documents for each individual would amount to 3–4 e-mails, at most. In other words, the burden on Gray concerns the production of 200–300 pages, at most.

The Rules emphasize both the breadth and limits of discovery, aiming to facilitate the uncovering of material relevant to any party's claim or defense while preventing fishing expeditions. *Scales*, 925 F.2d at 906. Yet, the Rules also guard against unduly narrow interpretations that might impair a party's ability to build their case. *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 457–58 (S.D. Ohio 2012) ("[T]he Federal Rules of Civil Procedure authorize extremely broad discovery."). As such, allowing discovery pertaining to all individuals who were granted accommodations strikes an appropriate balance in spite of Gray's proportionality concerns. *See e.g.*, *Hatfield v. Covenant Med. Grp.*, No. 3:20-CV-152-JRG-HBG, 2021 U.S. Dist. LEXIS 249976, at \*7 (E.D. Tenn. Mar. 10, 2021) (ordering employer-defendant to produce de-identified records to enable plaintiff to discover comparators).

Allowing this discovery will enable the Plaintiffs to scrutinize the comparability of these individuals and also afford them the opportunity to challenge Gray assertions through subsequent discovery. Likewise, Gray can use the same

tools to distinguish the roles and duties of the 68 individuals from Plaintiffs'.  The parties are also reminded that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1); *Ward*, 279 F.R.D. at 457 (citing Mellon v. Cooper-Jarrett, Inc., 424 F.2d 499, 500-501 (6th Cir. 1970)) ("The concept of relevance during discovery is necessarily broader than at trial[.]").  So, to the extent that Gray is concerned that allowing discovery as to all 68 individuals will result in 68 "mini-trials," it may certainly make those arguments.

As to Gray's other proportionality concerns it claims support its motion for protective order, Gray has not demonstrated that it lacks the means or resources to produce additional documents related to these employees.  The Court is further persuaded that Plaintiffs requests are proportional because the parties have only exchanged approximately five-hundred documents in the course of a litigation that was initiated nearly two years ago.  [DE 39, PageID# 179].  The discovery is sufficiently tailored (to 68 employees out of 444) to reduce cost and prevent further delay.[4]

---

[4] However, the Court does note Gray's concern that allowing this discovery will open the door to Plaintiffs discovering the 376 requests for accommodations that Gray denied.  Plaintiffs' briefing does not indicate they have an interest in obtaining discovery on those accommodation requests.  Nonetheless, to assuage Gray's concerns, and if Plaintiffs seek discovery on the accommodation requests that Gray *denied*, this Order should not be construed as a greenlight for such discovery.

### III.   CONCLUSION

In sum, the Court finds that Gray is not entitled to a protective order to prevent the disclosure of documents—and testimony related to such documents—regarding the COVID-19 vaccine accommodation requests granted by Gray, including:

> 1. All correspondence between Gray and the employee concerning any and all accommodation request(s) concerning Gray's vaccination policy, including resolution of such a request; and

> 2. All internal correspondence, if any, related to the employee's accommodation request.

[DE 33 (Provisional Order)].  As requested, the discovery is relevant to Landis's religious discrimination claims and Cox's disability discrimination claims.[5]  Likewise, the Court declines to set aside its provisional order, as its conclusions are consistent with this opinion.  Accordingly,

**IT IS ORDERED** that Gray's Motion to Set Aside Provisional Ruling and for Protective Order [DE 36] is **DENIED**.

The undersigned enters this Order pursuant to 28 U.S.C. § 636(b)(1)(A). Within twenty-eight (28) days from entry of this Order, either party may appeal this decision to Judge Caldwell pursuant § 636(b)(1)(A) and FED. R. CIV. P. 72(a).

Entered this 1st of April, 2024.



MATTHEW A. STINNETT
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[5] As discussed, *supra* II.A.1, only discovery of the subset of male Gray employees is relevant to the Plaintiffs' sex discrimination claims.