UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **DEANN STEPHENS COX**, *et al.*,<br>    **Plaintiff,**<br><br>V.<br><br>**GRAY MEDIA GROUP, INC.,**<br>    **Defendant.** | NO. 5:22-CV-290-KKC-MAS<br><br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Defendant Gray Media Group, Inc's ("Gray") objections to the Magistrate Judge's order denying Gray's motion to set aside a provisional ruling and motion for protective order. (DE 42.) Pursuant to Federal Rule of Civil Procedure 72(a), the Court has considered Gray's objections and will uphold the Magistrate's order.

I.  Background

Plaintiffs allege that they were wrongfully terminated by Gray (doing business as WKYT) following the imposition of a Covid-19 vaccine mandate. Plaintiff Cox was a reporter and Plaintiff Landis was employed as a national sales manager.

Both Cox and Landis allege that Gray discriminated against them on the basis of sex in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e et seq. ("Title VII") and Kentucky law. Additionally, Landis alleges that Gray failed to accommodate her by offering a religious exemption to the vaccine mandate in violation of Title VII and Kentucky law, and

1

Cox alleges that Gray discriminated against her by failing to accommodate her recognized disability in violation of the Americans with Disabilities Act ("ADA") and Kentucky law.

After a discovery dispute between the parties, the Magistrate Judge provisionally ordered Gray to produce the following information for each Covid-19 vaccine accommodation request by every Gray employee:

> (1) Employee ID Number; (2) Employee/Candidate Status; (3) Job Title; (4) Department; (5) Request Date; (6) Nature of the Accommodation Request; (7) Outcome of the Religious or Medical Accommodation Request; (8) Gender: (8) Reason for Denial (if denied); (9) Termination Date; and (10) Termination Reason.

After producing the requested discovery, Plaintiffs requested additional information regarding the 68 requests that Gray granted. Specifically, they requested all correspondence between Gray and the employees concerning accommodation requests due to Gray's vaccination policy and all internal correspondence related to the employees' accommodation requests. The Magistrate Judge issued a provisional order requiring Gray to produce the information.

After the order was issued, Gray filed a motion asking the Court to set aside the provisional ruling and requested the Court to enter a protective order to prevent the disclosure of certain additional information regarding Gray's accommodation requests. The Magistrate Judge denied both of Gray's requests, and Gray subsequently filed the objections before the Court now.

**II.  Analysis**

Under Fed. R. Civ. Proc. 72(a), when a party files timely objections to an order by a magistrate judge on a non-dispositive matter, the district judge in the case must consider the objections and modify or set aside any part of the order that is clearly erroneous or contrary to law. A finding is clearly erroneous if the reviewing court is left with the definite and firm

2

conviction that a mistake has been committed despite the presence of evidence supporting the finding. *Lyngaas v. Curaden Ag*, 992 F.3d 412, 419 (6th Cir. 2021).

Gray makes three objections to the Magistrate Judge's order. The Court will address each in turn.

### 1. Production of Information Regarding Female Employees Who Received Accommodations

Gray argues that the Court erred in requiring the production of information related to females whose COVID-19 vaccine accommodation requests were granted. Gray notes that the Magistrate Judge's order acknowledges that only discovery related to accommodations made for Gray's male employees is relevant to Plaintiffs' sex claims, but the order does not limit the discovery to male employees. While it is true that the female accommodations may be less relevant to the sex discrimination claims, they may be probative of Plaintiffs' failure to accommodate on the basis of religion and disability claims. Accordingly, limiting discovery to accommodations for male employees is not appropriate.

### 2. Production of Other Accommodations for Failure to Accommodate Claims

Next, Gray contends that it should not be required to produce information related to accommodations granted for employees who were not national sales managers or reporters at WKYT-TV. Since the accommodations are assessed on a case-by-case basis and the undue hardship analysis for religious discrimination claims and disability discrimination claims do not require comparator evidence, Gray argues limitations should be imposed.

Under the ADA and Title VII, when an employee makes a prima-facie failure-to-accommodate claim, the burden shifts to the employer to show that the accommodation would cause undue hardship for the employer. Here, the Magistrate Judge found that discovery of accommodations for other employees who had similar duties to Plaintiffs would be probative

of what qualifies as an undue burden for Gray. In accordance with this finding, Gray argues that discovery should be limited to employees with similar job duties to Plaintiffs.

As the Magistrate Judge noted, "limiting discovery to a subset of employees deemed comparable by Gray could inadvertently restrict Plaintiffs from accessing potentially relevant information. Such a restriction risks accepting Gray's characterizations at face value, potentially overlooking individuals who might serve as plausible comparators, or discovery that could inform whether an accommodation imposed an undue burden on Gray." (DE 41 at 14-15.) Allowing Gray to determine which employees' duties are similar to Plaintiffs' may exclude potentially relevant information from discovery. There is no need to have Defendant parse through a relatively modest number of granted accommodations at this time.

### 3. The Burden Does Not Outweigh the Benefit

Last, Gray argues that the burden of producing the additional discovery outweighs the benefit. Gray claims it would be required to review every single Covid-19 accommodation vaccine request and produce deponents to testify about the granted requests. Gray also claims that producing the requested information will "open the door to Plaintiffs discovering the 376 requests Gray denied." (DE 42 at 9.)

The Court does not find these arguments compelling. Plaintiffs requested information on the 68 accommodations that were approved. As the Magistrate noted, the parties have agreed that production of this information will include at most 3-4 e-mails per accommodation for a total of 200-300 pages of discovery. Moreover, the Magistrate Judge's provisional order explicitly notes that it is not to be construed as allowing discovery of the 376 denied requests. Gray has failed to show that producing this discovery will present a greater than necessary burden. The proposed discovery is relevant to Plaintiffs' claims and proportionate to the needs of the case. Accordingly, the burden of production does not outweigh the benefit.

### III. Conclusion

For the foregoing reasons, the Court finds that the Magistrate Judge's denial of Gray's motion for protective order and motion to set aside a provisional ruling was not in clear error. Accordingly, the Court will not modify or set aside any part of the order.

This 23rd day of May, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY